LEFERE *v*. KROHN *et al.*

[90 South. 12. No. 22130.]

TRIAL. *Peremptory instruction error where proof, though disputed, is sufficient to establish cause.*

The circuit judge is not warranted in granting a peremptory instruction against recovery where the believable proof, though disputed, is sufficient to establish the cause of action; decisions of fact being in sole province of jury.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Suit by Pascale Lefere against Henry Krohn and others. Judgment for the defendant, and the plaintiff appeals. Reversed and remanded.

*W. J. Gix*, for appellant.

We are at a loss to present argument in a case of this sort. To prove to an impartial mind that a peremptory instruction was the grossest outrage in this case we are up against the difficulty one would have to prove that one and one are two. Even the embrio lawyer knows that when there is contradictory testimony, a case for the jury has been made, but in this case not only was the testimony contradictory, but as we see it, every element was in favor of the appellant yet the court, reasoning in a channel of thought we are not able to fathom, took the bit in his mouth, and ran amuck. Of course, a peremptory instruction should not have been granted, and the case should not have been taken from the jury, if the plaintiff had established a case and since our friends on the other side will have an opportunity to answer this brief, we ask them to enlighten the court, by the record of course, and not by wild statements on what they were entitled to a peremp-

tory instruction. They were able to offer none at the hearing, and certainly we have not yet heard a theory that would support a peremptory instruction on the evidence in this case.

*Rushing & Guice,* for appellee.

Appellant's counsel make the following statement in their brief. To prove to an impartial mind that a peremptory instruction was the grossest outrage in this case we are up against the difficulty one would have to prove that one and one are two. "Even the embrio lawyer knows that when there is contradictory testimony a case for the jury had been made, but in this case not only was the testimony contradictory but as we see it every element was in favor of the appellant, yet the court reasoning in a channel of thought we are not able to fathom, took the bit in his mouth and ran amuck."

We submit that we can appreciate the embarrassment of counsel when they appear before your Honors seeking reversal of a case with so little merit as the instant case. If the peremptory instruction was such an outrage and the learned judge who tried the case as ignorant and unlearned as counsel in their extravagant statements would have your honors believe, it would appear that counsel have wasted much time and effort in preparing their brief. We do not exactly understand how the court "took the bit in his mouth and ran amuck." If counsel for appellant had have presented to the court below a state of facts that would support a verdict the result would have no doubt been different but the court was dealing with the case as presented and not what "might have been."

We submit that the court's action in peremptorily instructing the jury was eminently correct and proper. That no other result could be reached after a fair and impartial consideration of the evidence.

HOLDEN, J., delivered the opinion of the court.

The appellant, Lefere, sued the appellees to recover the value of certain timber logs claimed to have been delivered to and converted by the appellees to their own use, under an agreement that the appellant was to deliver the logs to the appellees, who were to saw them into lumber for the appellant, and that appellant was to pay the appellees five dollars per thousand feet for sawing said lumber when delivered to the appellant. After the conclusion of the testimony, the court granted a peremptory instruction for the defendant, from which judgment this appeal is prosecuted.

The only question presented for our decision is whether or not the proof offered by the appellant is sufficient to show the conversion of the logs or the lumber sawed out of the logs by the appellees. We have examined the record carefully and do not hesitate to say that the testimony offered by the appellant was ample to make out a case against the appellees for some amount, to be determined by a jury.

It is true there is a conflict in the testimony; but if the testimony of the appellant is true—and we see no reason for saying it is unbelievable—then the appellant would be entitled to recover for the value of the converted property, less the five dollars per thousand feet sawing cost.

The appellant, Lefere, testified to the contract he had with the appellees in which it was agreed that he would deliver the logs and the appellees would saw them into suitable lumber for appellant, which they would together ship to the New Orleans market by water; that several thousand feet of this lumber was sawed but was not delivered to the appellant, nor accounted for when demand was made for it; that appellees admitted they had sawed the lumber and disposed of it to other parties, and agreed they would pay appellant for it later on. This was a declaration or admission by the appellees against their interest, and was competent proof corroborating the testi-

mony of the appellant on the main issue as to the agreement and delivery of the logs by the appellant to the appellees. The denial of this admission by the appellees merely presented a conflict to be submitted to a jury. There is also a conflict in the testimony as to the number of logs delivered and the amount of lumber sawed out of them, but certainly the evidence in the case is sufficient to show that logs were delivered, sawed into lumber, and converted by the appellees to their own use; these issues should have gone to the jury instead of granting a peremptory instruction for the defendants below.

For the error in granting the peremptory instruction, the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*